# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-3078
LT Case No. 2020-40369-COCI

CENTRAL FLORIDA MEDICAL &
CHIROPRACTIC CENTER, INC.
d/b/a STERLING MEDICAL GROUP
a/a/o XAVIER BLANFORD,

    Appellant,

    v.

MENDOTA INSURANCE COMPANY,

    Appellee.

_____

On appeal from the County Court for Volusia County.
Robert A. Sanders, Jr., Judge.

Chad A. Barr, of the Law Office of Chad A. Barr, P.A., Altamonte
Springs, for Appellant.

Michael A. Rosenberg and Nicholas Bastidas, of Cole, Scott &
Kissane, P.A., Plantation, for Appellee.

May 24, 2024

EISNAUGLE, J.

In this personal injury protection ("PIP") case, Central Florida
Medical and Chiropractic Center, Inc. d/b/a Sterling Medical
Group a/a/o Xavier Blanford ("Sterling"), appeals a summary
judgment in favor of Mendota Insurance Company ("Mendota") on

Sterling's complaint alleging that Mendota underpaid PIP benefits. We affirm.

On appeal, Sterling argues that Mendota underpaid two claims by one cent each. Specifically, Sterling asserts that Mendota improperly reimbursed 80% of the aggregate amount of Sterling's claim when it should have applied the 80% reimbursement limitation to each individual item and then rounded each individual item before calculating the aggregate reimbursement amount. Sterling stresses that applying the 80% limitation to, and then rounding, each individual item results in an aggregate reimbursement of one additional cent per claim.

To support its legal position, Sterling relies primarily on section 627.736(5)(a)1.f., Florida Statutes (2019). That statute provides, in pertinent part:

> 1. The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges:
> . . . .
> f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:
>
> (I) The participating physicians fee schedule of Medicare Part B . . . .
> . . . .
> However, if such services, supplies, or care is not reimbursable under Medicare Part B . . . the insurer may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation . . . .

We reject Sterling's argument that Mendota improperly applied the 80% limitation to the aggregate amount in this case because, doing the math, either way Mendota ultimately complied with the statute. First, our record does not reveal exactly when Mendota applied the 80% reimbursement limitation. Second, at least in this case, the aggregate reimbursable amount is the same whether Mendota applied the 80% limitation to each item (some of the products would go to the thousandths place) and then calculated the aggregate amount without rounding each item first,

or if Mendota calculated the aggregate amount and then applied the 80% limitation. Therefore, Sterling's argument as to the timing of Mendota's application of the 80% reimbursement limitation is not established in the record, and even if it were, any error would be harmless because the end result is the same.

More importantly, we also reject Sterling's argument that Mendota should have rounded each individual item before calculating the aggregate reimbursable amount. Even a cursory review of the statute confirms there is no requirement that an insurer round each individual item in a claim. In fact, the statute makes no mention of rounding at all.

Instead, the plain language of the statute simply requires reimbursement at 80% of the maximum charge—and the exact number (which could go beyond the hundredths place) is more precise than a rounded number. We fail to see how the statute's language prohibits an insurer from calculating the aggregate amount based on the exact reimbursable amount for each item.

In conclusion, Sterling has failed to establish that Mendota improperly reimbursed Sterling's claim in accordance with section 627.736(5)(a)1.f.

AFFIRMED.


HARRIS and SOUD, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3